# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS D. PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-07-329-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Dennis D. Patton requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of [the] evidence must

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity or his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 3, 1961, and was forty-four years old at the time of the most recent administrative hearing. He has a high school education and has previously worked as a welder, tree cutter, home maintenance worker, and welding shop foreman. The claimant alleges he has been unable to work since September 15, 2001, due to both physical and mental impairments.

## Procedural History

The claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, on May 30, 2002. The application was denied and, following an administrative hearing held on October 27, 2003, ALJ Larry M. Weber found that the claimant was not disabled. The claimant appealed, and this Court reversed the Commissioner's decision in Case No. CIV-04-231-WH. While the appeal was pending, the claimant filed a second application for disability insurance benefits, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, which application was likewise denied. The Appeals Council consolidated the two cases and ALJ Michael A. Kirkpatrick conducted a second administrative hearing, once again finding that the claimant was not disabled. The Appeals Council denied review. Consequently, the latter decision (dated February 13, 2006) disposes of both applications for benefits by the

claimant and constitutes the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that the claimant had the residual functional capacity ("RFC") to perform light work limited to occasional stooping. The ALJ concluded that although the claimant could not return to any past relevant work, he was nevertheless not disabled because there was other work he could perform existing in significant numbers in the regional and national economies, *e. g.*, bench assembler, ticket taker, and rental clerk (Tr. 271).

## Review

The claimant contends that the ALJ erred: (i) by failing to include all of his limitations in his RFC; and (ii) by failing to properly consider opinions from "other sources." The Court finds that the ALJ *did fail* to properly consider "other source" evidence and that reversal is therefore in order.

The claimant received mental health treatment at Mental Health Services of Southern Oklahoma ("MHSSO") from 2004 through 2005 (Tr. 429-42, 451-53, 465-83). In August 2004, treating physician Dr. David Lovelace, D.O., completed a medical source statement ("MSS") assessing the claimant's mental functional limitations which, in addition to several moderate limitations, opined that the claimant had marked limitations in his ability to understand and remember detailed instructions; maintain attention and concentration for

extended periods; complete a normal work day/week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number/length of rest periods; interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and set realistic goals or make plans independently of others (Tr. 429-30). In addition to Dr. Lovelace, two other individuals from MHSSO submitted MSSs on the claimant's behalf (Tr. 431-32, 452-53).[2] Ms. Burleson's August 3, 2004 MSS is identical to Dr. Lovelace's MSS dated six days later (*compare* Tr. 431-32 *with* Tr. 429-30). Mr. Beishline's MSS differs from the other two in that it has no boxes checked for "none" or "mild" and instead lists as "moderate" all impairments except four, which he considers to be "marked" (Tr. 452-53).

The ALJ discussed the qualifications of Ms. Burleson and Mr. Beishline (whom he referred to as "mental health staffers") and simply concluded that he was "not required to

---

[2] While it is apparent from the record that Dr. Lovelace had a medication management role in the claimant's treatment (Tr. 434-42, 479, 483), it is less clear what role the other two individuals who submitted Mental MSSs played. The August 2004 MSS lists the "Medical Source" as "Dr. Janiece Burleson" (Tr. 431), but is signed "Janiece Burleson, MAMFT" (Tr. 432); clearly Ms. Burleson is neither a physician, nor a doctor. Instead, it appears she holds a Master's degree in Marriage and Family Therapy and that she was one of several clinicians who initialed the physician's notes on the medication management/review forms (Tr. 437-38, 440-42), of which two of the five were "no shows" (Tr. 440, 442). The second MSS is undated and lists no medical source, but is signed by Richard D. Beishline (Tr. 452-53). The remarks section says "see attached" (Tr. 453) and follows an October 2005 letter (Tr. 451), both of which indicate that Mr. Beishline holds a Master's degree and is an "LPC Candidate Under Supervision." While Mr. Beishline's letter does not indicate his role in the claimant's treatment, MHSSO records show he is another clinician who initialed the claimant's mediation management forms (Tr. 435, 466, 478-83), albeit the claimant was not present on three of those dates (Tr. 479, 480, 483). Mr. Beishline is also listed as the staff member responsible for formulating the cognitive behavioral approach section of the claimant's January 2004 treatment plan (Tr. 467-69). It is noteworthy that yet another LPC candidate, Tanya Maghess, was the clinician during the claimant's group therapy sessions, but has not submitted any sort of MSS (Tr. 470-77).

give controlling or substantial weight to such opinions." (Tr. 264). He did not discuss any of the findings they made in the medical source statements or explain why he apparently rejected them outright. His consideration of this "other source" evidence was thus clearly inadequate. *See, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" and by considering the 20 C.F.R. §§ 404.1527, 416.927 factors in determining the weight of these opinions). *See generally* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 (discussing considerations of evidence from sources who are not acceptable medical sources and stating that "[a]lthough there is a distinction between what an adjudicator *must consider* and what the adjudicator *must explain* in the disability determination or decision, the adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning") [emphasis added].

Social Security Ruling 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Franz,* 509 F.3d at 1302 [internal quotations

omitted].³ Those factors are the familiar ones: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). The ALJ made no reference whatever to any of these factors; he apparently rejected the opinions of Ms. Burleson and Mr. Beishline solely because they were not physicians. This was a significant error because their opinions were consistent with those made by treating physician Dr. Lovelace, which the ALJ ultimately rejected as lacking in "supportability" and "consistency" (Tr. 261-62).

It may well be that the ALJ decided to reject the opinions expressed by Ms. Burleson and Mr. Beishline for the same reasons he decided to reject those expressed by Dr. Lovelace. On the other hand, he *did* note that "the information Mr. Beishline and Ms. Burleson provided . . . may be helpful to learn more about claimant's condition," although he did not

---

³ The Court recognizes that the ALJ made his decision prior to the issuance of Social Security Ruling 06-03p. But as the *Frantz* court noted, the ruling was "a clarification of existing policy and not a policy change." 509 F.3d at 1302. And because the ALJ made his determination without "the benefit of the Ruling[, the Court] cannot determine whether [the opinion evidence from the other sources] could have led to a different result had the ALJ assessed it with reference to the new Ruling." *Id.*

say how. (Tr. 264). But in any event, the Court is in no position to make conclusions on the ALJ's behalf. *See, e. g., Drapeau*, 255 F.3d at 1214 (noting that a reviewing court is "'not in a position to draw factual conclusions on behalf of the ALJ.'"), *quoting Prince v. Sullivan,* 933 F.2d 598, 603 (7th Cir. 1991). *See also Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962).

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 16th day of December, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**